Calling case 1 6-1 9 8 9 William Snethkamp vs. Shawn Brewer Oral argument not to exceed 15 minutes per side. I'm mr. Lawrence for the appellant Good morning, may it please the court. I'm attorney James Lawrence representing Petitioner repellent William Snethkamp, and I'd like to reserve three minutes for rebuttal. I'm I would Like to Only one issue was certified here and that was the issue of whether the statute in question is Unconstitutionally vague, but there are some Side issues that have been brought up by the Respondent they seem to believe that A Statute that deals with sentencing cannot be Unconstitutionally vague unless it is vague about what the maximum sentence or is and We've cited in our brief pew versus United States that the mere fact that Discretion to deviate from the recommended guidelines range Does not prevent a void for vagueness challenge And I'd like to bring to the court's attention a couple other cases that aren't cited in the brief But the court has held on a few occasions that the strict standard of scrutiny on vagueness challenges apply Wherever you have a criminal Statute Involving sentencing what's vague about which of the stat which statutes vague the one that provides for delayed sentencing? That's right MCL 77 1.1 and I'd like to point out that Before Mr. Snethkamp Received this delayed sentence the law in Michigan was Under people V Baker 120 mishap 89 in 1982 case That stated that the purpose of delayed sentencing is to give defendant the opportunity to prove himself eligible for probation or other lenient treatment and In this case there was no misconduct by The petitioner During that period of one year Happens, I mean afterward he violated his probation well What I'm Suggesting to the court it is true that he later violated the probation But that probation was extended for a period of time that would not have happened but for the case of people V Smith It is cited in the brief the the citation is 496 Michigan 133 and The statute as it reads Certainly Suggests that if there is good behavior that That means something I bet then the converse of that all means also means something if there's not could be Implicit in that is that there's not good behavior. That means something. Well, that's true. There's three sentencing's here or two and a delayed sentence after the delayed sentence one week before the sentence to The Michigan Supreme Court Issued their ruling in people versus Smith and in that ruling they state thus regardless whether defendants behavior during the period of delay is abhorrent or exemplary a sentencing judge is not required to wait until the period of delay has elapsed in order to sentence defendant in accordance with the law and dispense whatever leniency the court is inclined to provide and it's our position that under the law before People V Smith that of the defendant Would be entitled to Leniency based on the no Violation, but isn't that something that belonged before the Michigan courts? It's a Michigan statute Michigan courts will tell you what it means. Yes, and they said it was okay Yes, but they didn't say it was okay until after he took the delayed sentence the statute as it was interpreted by the Michigan courts before the I'll call it sentence one the delayed sentencing situation before that the law was that if you have the good behavior you get the benefits and that as I mentioned was There's a number of unpublished cases, but the published case of people V Baker That the purpose is to give the defendant the opportunity to prove himself Eligible for the lenient treatment. He did prove that However, he got lenient treatment. He he got a 12-month minimum when the The guidelines were higher. No, they were not higher at that time the guidelines later became higher because conduct that predated the Emmett County case actually move forward to Conviction are you saying that the judge was obliged to ignore that Emmett County case? Well, this is the Emmett County case That's the case that we're here on in Well, you just referred to it that conduct in Emmett County, which I assumed was the other case No The other case was in Livingston So was the judge obliged to ignore the Livingston County case because of the timing of the sentencing? No, the judge did consider that because he had the facts Let me ask you this, you know the government argues that This case really is not properly before us because there was no exhaustion at the state level. Would you address the The government's argument that there was not exhaustion of these in the state courts. Yes first of all, I Think that that issue is not really before the court because number one It was not the subject of a ruling from the district court the district court never found That there was a lack of exhaustion number two The state did not cross appeal on such an issue Therefore it's our position that when the state does not cross appeal that they have Abandoned such an issue and cannot raise it here assuming that we can address it. Yes Yes Certainly It well, I'll just add that it's not in the Certificate of Appeal ability either however in Picard v Connor the US Supreme Court indicated that the The Party need not invoke Talismanic phrases to properly present the issue to the state court and the controlling cases I understand that in this circuit is McMeans versus Bergano Who did you raise it in the state court? It was raised in the state court. Well, I didn't personally it was a meaning your side Yes That the attorney in the brief Repeatedly referred to the fact that the statute was ambiguous and More than once and it's our position that this is freight to quote from McMeans phrasing the claim in terms of constitutional law or in terms sufficiently particular To allege a denial of a specific constitutional right or Alleging facts well within the mainstream of constitutional law So is there a case that says that that if you say that a statute is ambiguous? You were raising a vagueness or due process challenge I do not know of a case that expressly Focuses in on that I was using the general standards that are established in McMeans v Bergano and if you're claiming that the statute is ambiguous you're automatically claiming that it's vague the two terms are either synonymous or very close to synonymous and Therefore it's our position based on McMeans v Bergano that even though we concede The state court brief did not cite a federal case That is clear and we can't run away from that. But it's our position that if you repeatedly Call the statute ambiguous That you are calling it vague and that is Well within the mainstream of Constitutional law and that it was sufficiently particular to allege a denial of a specific Constitutional right. So if we go down that path and say that it was raised in the state court The state court concludes that the statute is not ambiguous The state court Well, they They did they did not find it to be ambiguous they found it to be just fine at least in the Lower court level the circuit court, but the higher courts did not address the issue Simply issuing a standard form order of denying leave to it. So we're here on habeas And so do we have to say that the state courts interpretation is unreasonable then? Well, if the state court does not explain their ruling then this court is not required to give deference To a ruling that is not explained or at least there's a lesser standard of deference when the ruling is not explained if if we Find that it's appropriate to consider this on the merits. Why doesn't why doesn't Beckles preclude relief? Well the I Don't believe that Beckles says that you have a statute it's Everyone believes it's a certain way because of the way the state courts have ruled and then after the fact between sentence one and sentence two you suddenly have this clarifying gloss and Gaul v Parker an important case 231 F 3rd 265 6th Circuit 2000 says that applying a clarifying glass gloss to a statute that is ambiguous Can be applied only prospectively and Therefore that's why buckles would not Preclude this claim and your red light is on so thank you very much. Thank you Your Honors and may it please the court Linus bang heartland assistant attorney general for the state of Michigan on behalf of the respondent warden respectfully requesting this court affirm the district court summary dismissal of the petition I'm going to begin with exhaustion because I believe it's a threshold issue in the case losing the end of your sentences I'm I'm sorry. Thank you judge. I'll try to speak up I'm going to begin with exhaustion because I believe it's a threshold issue in the case The The state is not insisting on You know sort of talismanic language or what my brother was referring to this is There was nothing in and I and I of course encouraged the court to look at the application for leave to appeal At page ID 138 starting in the record. Did you make this argument in the district court? We didn't we didn't make any argument in the district court because the district court summarily dismissed it under habeas rule for without serving the Attorney general because it was meritless on the face of the petition So you didn't file anything in district court, correct? the our appellee brief in this case was the first pleading we filed in this case and I think I need to address If I was not prepared to address this argument because it wasn't in the petitioner's reply brief But an appellee doesn't need to cross appeal to raise an alternate grounds for affirmance I don't have a case on point because that argument was not given to me to respond to but I believe that's very well settled Also, the warden doesn't need a certificate of appeal ability Which is the other? Another argument that he made as to why we can't raise this So we should get to the heart of the issue. I believe it exhausted or not Well, the third the third argument he made is that the district court never ruled on what on exhaustion and that is correct But I believe this court is equally well equipped as the district court This doesn't require any particular factual findings or credibility judgments If this court were reviewing the district court, it would be de novo So there's really no reason to send it back to the district court to rule on exhaustion. So then this court can then Review de novo the district courts exhaustion ruling this court is equipped to read Just as well as the district judge is my recollection of the Michigan State Argument, I'm sorry of the of the defendants argument in the Michigan State courts Was that he did say that there was ambiguity in the statutes and he pleaded for lenity So why isn't that enough to raise a due process federal due process claim? It's Because not every ambiguous statute is unconstitutional The argument made in the state court was this statute is ambiguous which by the way, that's just the argument I just want to make clear the statutes not ambiguous in the state's view but the The argument way that made us the statute is ambiguous. We don't have a case on point. So I'm asking the the state court to interpret the statute as to Option a as opposed to option B This is the better way to do it that there's nothing implied in that argument that says it would violate a constitutional right To take option B is simply urging the court to say well option a is better and the rule of lenity is better But there's no constitutional dimension to the argument that you know, this would be better. I would prefer this it would be better policy These are policy questions. They're state law questions, but there's no Inherent in in in the idea of let's interpret a statute one way as opposed to the other There's no inherent argument that the opposite Interpretation would violate the Constitution Unless he said so right and that and that was never said or implied in the state court that if you did not accept his Interpretation there would be a constitutional violation. It was just a matter of it would be better policy To to interpret it his way and the state court disagreed and said no, this is the way it's not ambiguous Guidelines are scored at sentencing. So when sentencing is delayed guidelines scoring is delayed PRV 7 is clear subsequent convictions are convictions that are entered at after the Conviction of the sentencing offense or after the commission Procedure and usual result under this statute nothing unusual about it There's nothing it's a little unusual because usually nothing would change between the original sentencing proceeding The OVS wouldn't normally change because they address the offense itself, which is kind of frozen in time Although it can change if more information comes to light But as long as they were correctly scored originally, they wouldn't be changed But yeah PRVs could change because and they can change both directions because some of the PRVs have sort of a how far do you look back? And so I don't know You'd have to look at the PRVs. They could they could rise or fall to pay you're using mission. I Apologize judge a PRV is a prior record variable and the prior record variables address the offenders relationship to the criminal justice system prior concurrent and subsequent convictions And also, you know probation parole status things like that So the goal in sentencing is to look at the offense and the offender the offense variables look at the offense The prior record variables look at the offender and then the two are combined and placed on a grid What was the point for this delayed sentencing it was to give give him a chance to Show that he could comply with the law which he did and he did and he got leniency at the sentencing at the at the Delayed sentencing. Yes, exactly at the first at the second proceeding which was the first sentencing the judge departed below the guidelines well below the guidelines and Gave him a jail sentence and a deferred jail sentence and probation Despite the fact that the guidelines called for a prison term and when the guidelines were first Calculated it was An optional prison term, right? right the the original one the the and at the time the guidelines were mandatory, but that 12 to 12 to 20 original calculation would have allowed for either what's known as an intermediate sanction, which can be a jail or probation term or Prison sentence. So what did he gain by? waiting a year What did he he gained He gained the opportunity to show that he can comply if he had but he got the same sentence He was going to get originally right? No, it we don't know We don't know what the judge would have done if he if the judge had sentenced the prosecutor was asking for an upward departure The judge could have considered the Livingston County crimes could not have scored them in the PRVs because that no convictions have been entered But could have considered the crimes committed in Livingston County as a reason to depart upward or could have simply imposed a prison term without Departing upward so we don't know What was in the mind of the judge at the original proceeding? Except that the judge wanted to give this defendant a chance against the prosecutors urging for an upward departure Not just a prison sentence within the guidelines that the the prosecutor was asking for an upward departure so so to move on to the Crux of the issue assuming which I know you don't want to do assuming that the issue was exhausted Yes What's in your view the fatal flaw of your opponent's argument that there is a vagueness a constitutional vagueness? Issue here the the fatal flaw is that MCL 771.1 does not prescribe or punish any behavior and I do want to backtrack from Language in my brief that suggests that a sentencing statute cannot be unconstitutionally vague Obviously some of the most prominent, you know, the Armed Career Criminal Act was unconstitutionally vague That's a sentencing statute The key is not whether it's a sentencing statute or sentence The point is does it prescribe or does it punish any crime and MCL 771.1? the point of vagueness challenges is to give notice to us as we walk around of What we might be punished for? depending on what we choose to do and So if it's not clear when I perform a certain action whether I will be subject to punishment or not Or what the punishment I might be subject to is then the statute that purports to subject me to punishment is unconstitutionally vague MCL 771.1 does not purport to subject any behavior to any punishment and it's outside of the realm of Avoid for vagueness challenges altogether. You're saying it's simply a procedural It's exactly it's a procedural sentencing statute and I wish I had said that in the brief instead of saying a sentencing statute which you know, I own that mistake, but It is a procedural statute. It gives a power to the sentencing judge It does not You know and and you know arguably You know in this case You know, Mr. Snethkamp says, you know, I'm now subject to harsher punishment because of the delayed sentence Again that's not clear because we don't know what the trial judge would have done Had the trial judge sentenced at the original proceeding And and the crimes the Livingston County crimes could have been considered either way So arguably he could get a windfall had he been sentenced the original proceeding because those crimes couldn't be scored in his PRVs But they could have been considered as a basis for an upward departure So it's really not clear But they are correctly scored at his first sentencing despite the fact that they were correctly scored. He got the downward departure He got the intermediate sentence of jail and probation and then and so there was no prejudice based on this and then he violates his probation And then of course, they're rescored because he's resentenced and he gets this enormous sentence. I mean it's Up to 20 years. The 20 years is outside the discretion of the trial judge because a prison term the maximum sentence of a prison term In Michigan is set by statute for this crime for some crimes They're defined as didn't get it at the second sentencing, right? It's only for a prison term. So when when when a trial judge sets a prison term the minimum term is Based on the guidelines and is within the discretion of the trial court. The maximum term is set by statute Unless the statute says life for any term of years. So what did he get that? 36 months minimum and the statute that's really in Michigan. That's that's a 36 month sentence Most often it I mean most drug offenders are released at or very near their After what at or very near to their earliest release date. So basically he's in the hands of the parole board now Because he served his 36 month minimum and so at any time the parole board decides That he's ready to be out and under his original calculated guidelines because it was Optional to go either way right right he could have got if he had been sentenced within the guidelines What was it 12 to 24 of the 20 12 to 20? He would have his sentence would have been 20 Months to 20 years if the judge had gone to the top of the guidelines It would have been 20 months to 20 years could have been 19 months to 20 years Anywhere between 12 and 20 months if the judge had decided to do a prison term within the guidelines The judge also could have departed upward If if it accepted the prosecutors recommendation So so he was he was denied parole. Am I remembering correctly? I believe that well since he's eligible for parole and still in prison I believe he was denied parole. I don't have the records I don't I don't know if there was a proceeding or not But you said that if somebody got 36 months minimum that they would be out at 36 months So he is not out of not. Oh, sorry I didn't mean to suggest that all Offenders are paroled at their parole date what I meant is sort of statistically the vast majority of our paroled at or within Within a short time after their parole date. It's not it's within the discretion of the parole board It depends on a lot of things, you know, their acceptance of responsibility their behavior Well in prison a number of facts. So all of that is not in our record, correct, correct? That's correct Yes, and and in fact, he could serve 20 full years in prison that and that is a possibility But he's there now because of the probation that he violated Correct, correct because of the probation violation the court was required to rescore the the guidelines the guidelines and the and then the court chose to impose a within guideline sentence a bottom of the guideline sentence of 36 months to the statutory required 20-year maximum and and his probation violation was drug use. I Believe that's correct Because he's a drug addict. I I Believe that's correct. I don't that's I feel like that's more of a medical question than a legal question I would assume that he's a drug addict With Just a little time remaining I'm going to turn to the question of edpa deference and My my brother counsel has I think made an error at the towards the end of its argument Because the Michigan Court of Appeals denied the application for leave to appeal for lack of merit in the grounds presented An unexplained order is presumed to be a merits adjudication That is entitled to full edpa deference. There's no Modified edpa deference. There's no lesser standard. So as long as the denial of the is this a direct appeal This was direct appeal, but he didn't have an appeal of right because he pled guilty So it was his direct appeal by application and so it was denied In that form order lack of merit in the grounds presented Which is a merits adjudication and so as long as any reasonable jurist could decide that the statute was not unconstitutionally vague and that's assuming the issue was presented to The Michigan Court of Appeals which again it wasn't but assuming it was as long as any reasonable jurist could have denied this application This court must reject the petition. I'd be glad to answer any other questions the panel might have Thank you. I think your honors Okay, well first of all regarding the exhaustion question It's our position that since the district court made no ruling Respondent made no objections that there's really nothing for this court to rule on regarding that if the court chooses It could remand for a decision on that With respect to the central issue of the case I wanted to call to the court's attention that under Michigan law when a person has an intermediate sanction the top the Guidelines are not exactly what they appear to be in other words on an intermediate sanction Unless there is a departure the court is limited to a 12 month County Jail sentence so just so I can be sure I understand you are claiming that 7 7 1.1 is Unconstitutionally vague that's correct. Where is what language is unconstitutionally vague in it, okay? the unconstitutional vagueness is that The purpose of the statute as it says right there in 7 7 1.1 To give the defendant an opportunity to prove to the court His good behavior and he had good behavior and instead of being rewarded for that good behavior The Michigan Supreme Court comes in and says one week before this sentencing that is event to that It doesn't matter if his behavior was exemplary or Therefore it's our position that the petitioner was basically fooled into thinking that if You have good behavior. It's going to work out. I mean For all we know he was rewarded. It's not like the judge said well now the guidelines have changed I'm sentencing you up here the judge basically used the same guidelines and And didn't depart the judge The judge gave him the lower sentence well if the If the defendant had known that the statute Torrey Interpretation was going to change from the Michigan Supreme Court then he wouldn't have taken delayed sentence the most he would have gotten would be a year in jail and He wouldn't they wouldn't have been on any probation Violation at the time that the event in Emmett County happened, but why isn't this just a unfortunately horrible gamble on his part Because the statute deceived him in his attorney But I where I just don't see where the statute deceived him in 771.1 so before you answer that Do I understand your argument to be that? The language of the statute did not really alert him to the full exposure I mean the statute said Based on the words you read us that there could be a particular result He could get some kind of a break or whatever and then the interpretation was the judge can do whatever He or she wants going up or down is that is that the problem? Yes, and the statute that provided the clarifying gloss Was I'm sorry the Ruling providing the clarifying gloss was made after the delayed sentence was imposed Argument really that Smith should not be applied retroactively well, it was It was void for vagueness it after Smith it is no longer vague but at the time the the Ruling was something else I'm sorry. You're saying at the time when you say it was void for vagueness because what because Because the the statute only refers to Good behavior During the term of the delayed sentence to try to prove something Cases that there were cases before Smith that said that the court had to wait a full year No, what I'm saying is that in people V Baker 120 mishap 89 that the the purpose is to give the defendant the opportunity to prove himself eligible for probation or other lenient treatment and By the time of and that's why the delayed sentence was taken and then by the time of the actual sentence That was taken away by the Michigan Supreme Court the statute was at best ambiguous Before People V Smith you're saying it's ambiguous because it didn't say that there was a right to leniency No, the statute was ambiguous because the courts interpreted it one way up until past the delay of sentence and then suddenly it's given a different interpretation if there would possible Interpretations that suggest vagueness to me and what was the change in interpretation? the change was that it doesn't to Rita directly from it regardless of whether the Defendants behavior during the period of delay is abhorrent or exemplary the judge Still has the opportunity to do anything Whereas the statute itself says give the defendant a chance to prove and he did prove it okay, and There were cases before That said that a judge did not have the right to impose any sentence. He or she wanted well In people V Baker, which is cited in the brief Purpose is to give him the opportunity to prove himself eligible and he thought well this is my chance to Get out from under the sentence by behaving well, are there any cases before Smith that said Contrary to Smith that the judge At the point of delayed sentencing. The only question is did the person Stay out of trouble and if the person stayed out of trouble the judge is obliged to Not quite that clear, but you're relying on Baker for that. Yes Baker tends to say that It admittedly is not as clear as the language that you used which is part of our constitutional problem in the first place Thank you. Thank you. Thank you both for your argument. The case will be submitted. Would the clerk call the next case, please?